**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-30169

(Summary Calendar)
_____

OTIS M. BAKER,

                              Plaintiff-Appellant,

                    versus

EXXON CHEMICAL AMERICAS, D/B/A EXXON CO., and
RICHARD DEBATES,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
For the Middle District of Louisiana
(92 CV 312 B)
_____

August 29, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Otis M. Baker sued Exxon Co. ("Exxon") for terminating his employment as a temporary mechanical supervisor. Baker claimed that Exxon intentionally discriminated against him in violation of 42 U.S.C. §§ 1981, 1985(3) (1988), and that Exxon and Richard DeBates, his former supervisor, had discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e (1988). The district

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

court granted Exxon and DeBates' motion for summary judgment on the Title VII claims and dismissed the remaining claims. Baker appeals the judgment against him, and we affirm.

**I**

Exxon employed Baker as a temporary mechanical supervisor in its Baton Rouge, Louisiana, facility. After rumors concerning Baker's time sheets surfaced, Exxon conducted an investigation and concluded that Baker had claimed pay for hours that he had not worked.[1] Consequently, Exxon terminated Baker for committing three "posted offenses": (1) making a Company record which the employee does not believe to be correct, (2) making a statement to the Company which the employee does not believe to be true, and (3) stealing from the Company.[2] An arbitrator later ordered Baker's reinstatement.[3]

Baker filed a charge of discrimination with the EEOC, contending that his discharge had resulted from racial discrimination. The EEOC issued a Notice of Right to Sue. Baker then filed suit against Exxon and his former supervisor, DeBates, alleging racial discrimination against him in violation of Title VII. He claimed that Exxon had racially discriminated against him

---

[1] During the period of time in question, an explosion had occurred at the Exxon plant. Because the incident required substantial overtime by many employees, some salaried supervisors, such as Baker, received overtime pay for the additional hours that they had worked.

[2] Exxon concluded that Baker had received approximately $1,000 in falsely claimed overtime.

[3] Exxon reinstated Baker as a pipefitter, which was his position prior to acting as a temporary supervisor.

in three ways:  (1) failing to promote him to permanent supervisor, (2) failing to pay him on an hourly basis, and (3) terminating his employment.  He also alleged violations of § 1981 and § 1985(3). Baker further claimed that DeBates, his former supervisor, racially discriminated against him in the investigation of the allegedly falsified time sheets.

Exxon and DeBates moved for summary judgment on the Title VII claims.  Exxon also moved for dismissal of all other claims.  In his response to the motion for summary judgment, Baker added an allegation that even though Exxon had reinstated him, it had demoted him in retaliation for the filing of this suit.

A magistrate judge recommended granting Exxon and DeBates' motion for summary judgment on the Title VII claim and dismissing all other claims.  The district court adopted the magistrate judge's recommendation, granted summary judgment to Exxon and DeBates on the Title VII claim, and dismissed Baker's § 1981 and § 1985(3) claims with prejudice.  Baker now appeals.

**II**

Baker contends that the district court erred by rendering judgment in Exxon's favor on his Title VII claim.[4]  We review a district court's grant of summary judgment de novo.  *Armstrong v. City of Dallas*, 970 F.2d 62, 65 (5th Cir. 1993).  If the movant demonstrates that))based on the pleadings, depositions, and answers

---

[4]     Baker did not brief any argument as to his § 1981 and § 1985(3) claims; he has therefore waived them on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that claims not argued in the body of the brief are abandoned on appeal); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) ("[A]rguments must be briefed to be preserved.").

to interrogatories, together with affidavits))no genuine issue of material fact remains and that the movant is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 295 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the movant carries this burden, the nonmovant may not rely only on allegations or denials in its pleadings, but must show more that a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1989); *see also Little*, 37 F.3d at 1075 (noting that party does not satisfy summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). We view the facts and all inferences in the light most favorable to the nonmovant, *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513; *Little*, 37 F.3d at 1075, and we may not weigh the evidence or resolve factual disputes, *Little*, 37 F.3d at 1075; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936, 117 L. Ed. 2d 107 (1992). Nonetheless, if the record as a whole could not lead a rational factfinder to decide in the nonmovant's favor, no genuine issue of material fact remains and summary judgment is proper. *Amoco Prod. Co. v. Howell Energy, Inc.*, 969 F.2d 146, 148 (5th Cir. 1992); *see also Armstrong*, 997 F.2d at 67 ("Summary

-4-

judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant . . . ."). We may affirm a grant of summary judgment on any grounds supported by the record. *In re Jones*, 966 F.2d 169, 172 (5th Cir. 1992).

Baker argues that Exxon racially discriminated against him when it terminated his employment. He contends that Exxon treated similarly situated white employees differently. Under Title VII, it is unlawful for any employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (1988). A Title VII plaintiff carries "the initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act." *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 358, 97 S. Ct. 1843, 1866, 52 L. Ed. 2d 396 (1977). A prima facie case of discriminatory discharge includes the following elements: (1) that the plaintiff was a member of a protected class; (2) that the plaintiff was qualified for the position at issue; (3) that the defendant discharged the plaintiff; and (4) that the defendant treated persons outside the protected class differently. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973) (defining prima facie case); *see also Little v. Republic Ref. Co.*, 924 F.2d

93, 97 (5th Cir. 1991) ("To establish a claim of disparate treatment, [the employee] must show that [the employer] gave preferential treatment to [a person outside the protected class] under `nearly identical' circumstances."); *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570 (5th Cir. 1982) (noting that plaintiff can establish a prima facie case by showing that person similarly situated was treated differently).

Baker provided evidence of the first three elements of a prima facie case of race discrimination.  First, as an African-American, he is a member of a protected class.  Second, he was qualified as a mechanical supervisor.  Lastly, Exxon discharged him.  It is the last element of the prima facie case that is in question:  Has Exxon treated white employees differently under similar circumstances?  Disparate treatment is probative of discriminatory intent only if persons outside the protected class were so similarly situated that the most likely reason for the different treatment is race, and the plaintiff has the burden to show similarity.  *See Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990) (requiring plaintiff to "show that [a person outside the protected class] and [the plaintiff] had been similarly situated"); *see also Rohde v. K.O. Steel Castings, Inc.*, 649 F.2d 317, 322 (defining "similarly situated" persons as "two employees [who] are involved in or accused of the same offense and are disciplined in different ways").

Baker argues that a white supervisor, Ralph Cook, committed the same offense as that for which Exxon discharged Baker, but that

Exxon only reprimanded Cook. During the investigation of Cook, however, Cook admitted that he had claimed hours that he had not actually worked, but that he believed that Exxon policy allowed supervisors to claim hours spent on call even if they were not actually called into work. Cook admitted his mistaken understanding of Exxon's policies and did not deny that he had not actually worked the hours in question. In contrast, Exxon had also investigated Gerald Gauthier, another white employee, for falsifying time sheets. During the investigation, Gauthier refused to admit that he had not worked the hours claimed, and denied falsifying his time sheets. Exxon terminated Gauthier for the same "posted offenses" as those Exxon had applied to Baker.

Baker contends that his situation equates to that of Cook, and not to that of Gauthier. We disagree. Baker never admitted that he had not worked the hours claimed on his time sheets. Also, he did not claim that he had only misinterpreted an Exxon policy. We therefore hold that Baker's situation matches that of Gauthier. Because Exxon treated Baker and Gauthier identically, Baker's claim of disparate treatment fails. *See Republic Ref. Co.*, 924 F.2d at 97 (rejecting claim of identical circumstances because supervisor who allegedly supervised plaintiff and other employee differently was plaintiff's supervisor for only one week, but had been long-term supervisor of other employee); *Smith*, 891 F.2d at 1180 (holding that plaintiff and other employee were not similarly situated because other employee breached different policy which was subject to different disciplinary measures). Baker therefore

failed to establish his prima facie case of discriminatory termination.

Baker argues, however, that the arbitrator's order to reinstate him proves that Exxon discriminated against him. Even if the termination were wrongful, however, the decision is not discriminatory if the employer had a sincere and honest belief, based on lawful reasons, that its actions were justified. *See Dickerson v. Metropolitan Dade County*, 659 F.2d 574, 581 (5th Cir. Unit B Oct. 19, 1981) ("Even if [the employer] were wrong in its evaluation of the [employee's conduct], it did not violate Title VII if it acted on a reasonable belief about [the conduct]."); *Jefferies v. Harris County Community Action Ass'n*, 615 F.2d 1025, 1036 (5th Cir. 1980) (holding that whether employer's factual conclusion was wrong was "irrelevant" if employer reasonably acted on that conclusion). Wrongful termination in and of itself does not violate Title VII. *See Wilson v. Belmont Homes, Inc.*, 970 F.2d 53, 57 (5th Cir. 1992) ("Title VII, by its own terms, does not require that an employer terminate its employees for good cause; our inquiry is not into the merits of the employer's decisions but into the motives."). Baker does not challenge whether Exxon reasonably relied on its conclusion; he only challenges the reasonableness of Exxon's conclusion. Moreover, the arbitrator did not determine Exxon's motivation, only the accuracy of its decision. Accordingly, the arbitrator's order is not dispositive of Baker's discrimination claim, and it does not cure Baker's failure to demonstrate a prima facie case of discriminatory

discharge.

Baker also argues that the district court should not have granted Exxon's motion for summary judgment on his failure-to-promote claim. Baker concedes that Exxon has promoted African-American employees as well as white employees from temporary to permanent supervisor. Moreover, the last promotion for which Baker alleged that he was eligible occurred more than 180 days prior to the filing of his EEOC charge. Accordingly, Baker's claim was untimely. *See Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988) (requiring charge to EEOC before filing suit and requiring "that such a charge must be filed within 180 days after the alleged unlawful practice"), *cert. denied*, 488 U.S. 1007, 109 S. Ct. 789, 102 L. Ed. 2d 781 (1989); *see also Love v. Pullman Co.*, 404 U.S. 522, 523, 92 S. Ct. 616, 617, 30 L. Ed. 2d 679 (1972) ("A person claiming to be aggrieved by a violation of Title VII . . . may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief.").

Although Baker concedes the timing of the last *actual* promotion for which he was eligible, Baker argues that the discriminatory policy is ongoing. Even if we assume that such an argument might cure the untimeliness, Baker provides no facts to support this allegation in his affidavit. Therefore, he fails to sustain his summary judgment burden to show specific facts that create a genuine, material issue. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1206 (5th Cir. 1993)

("`[C]onclusory allegations supported by a conclusory affidavit will not suffice to require a trial.'" (quoting *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986)); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("[C]onclusory assertions cannot be used in an affidavit on summary judgment."); *cf. Little*, 37 F.3d at 1075 ("We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." (emphasis omitted)).  Consequently, the district court properly granted summary judgment on the failure-to-promote claim.[5]

We also reject Baker's challenge to the district court's grant of DeBates' motion for summary judgment.  The record reveals no evidence that when he investigated allegations of wrongdoing, DeBates treated anyone, white or black, any differently than he treated Baker.  Baker's mere subjective belief that DeBates discriminated against him does not withstand a motion for summary judgment.  *See Waggoner v. City of Garland*, 987 F.2d 1160, 1164 (5th Cir. 1993) (rejecting mere subjective belief of discrimination as "simply insufficient to establish [a discrimination] claim"); *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215, 104 S. Ct. 2658, 81 L. Ed. 2d 364 (1984) (same).

Baker lastly contends that the district court ignored his retaliation claim.  We do not address this claim, however, because

---

[5]      Baker also challenges the grant of summary judgment on his claim that Exxon discriminated against him by failing to pay him on an hourly basis. Because Baker concedes that Exxon pays all temporary supervisors on a salaried basis, his claim has no merit.

-10-

Baker did not include it in his EEOC charge, and the EEOC investigation did not cover it. *See Walls v. Mississippi State Dep't of Pub. Welfare*, 750 F.2d 306, 317-18 (5th Cir. 1984) (limiting Title VII suit to allegations in EEOC charge and any other claims covered by EEOC investigation); *Ray v. Freeman*, 626 F.2d 439, 442 (5th Cir. 1980) ("Compliance with the administrative review apparatus provided by Title VII is a requisite for judicial review of a discrimination claim."). Moreover, Baker's complaint did not include this claim, and he made no motion to amend the complaint to add such a claim. Accordingly, Baker did not properly present it to the district court, and we will not consider it for the first time on appeal. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

## III

For the foregoing reasons, we AFFIRM the judgment of the district court.